```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                              Case No. 2:09-cv-709-FtM-29DNF

JOHN T. BOURGER,

           Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the government's Motion for Summary Judgment (Doc. #16) filed on October 8, 2010. A Clerk's Entry of Default (Doc. #15) was entered against defendant, no response to the motion has been filed, and the time to respond has expired.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or

affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000). In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party. Johnson v. Booker T. Washington Broad. Servs., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995).

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted).

## II.

On October 27, 2009, the United States filed a Complaint (Doc. #1) to reduce to judgment federal income tax assessments made against defendant taxpayer John T. Bourger (Bourger). The government seeks judgment as to the 1998 through 2002 taxable years for which Bourger filed federal income tax returns but did not

remit any payments for amounts owing. Assessments were made, penalties added, and Bourger is now indebted to the United States for $5,161,410.88, plus interest. Personal service of process was not obtained, however, the Court found avoidance of service and proper service on a co-resident for purposes of the entry of a default. (Doc. #14.) A Clerk's Entry of Default (Doc. #15) was entered and the government filed a motion seeking summary judgment as to the undisputed facts. The motion was served on defendant at all three addresses associated with defendant.

The Declaration of Advisor Reviewer (Doc. #16-1) states that a Notice of the assessments and demands for payment were sent to Bourger after the Secretary of the Treasury made timely assessments of federal income taxes, penalties, and interest for the tax years 1998, 1999, 2000, and 2002. The Advisor Reviewer reviewed the Certificates of Assessments, Payments, and Other Specified Matters (Form 4340) for each alleged tax year and after confirmation determined accrued interest through September 30, 2010, for each tax period, compounded daily pursuant to the Internal Revenue Code. As of that date, the Declaration provided that the total federal income tax liabilities amount to $5,161,410.88. The Certificates are attached in support. Finding no dispute of facts or response opposing the well-pleaded allegations of the Complaint, the request for summary judgment will be granted.

Accordingly, it is now

**ORDERED:**

1. The government's Motion for Summary Judgment (Doc. #16) is **GRANTED**. The Clerk shall enter judgment in favor of plaintiff and against defendant for 1998, 1999, 2000, and 2002 federal income tax liabilities in the amount of $5,161,410.88, plus interest from September 30, 2010, at the variable underpayment rate established by 26 U.S.C. §§ 6621 and 6622.

2. The Clerk is further directed to terminate all pending deadlines as moot, and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of April, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record